# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>　　Plaintiff,<br><br>v.<br><br>**DONALD ANTHONY WRIGHT and RETIREMENT SPECIALTY GROUP, INC.,**<br><br>　　Defendants. | Case No. 2:24-cv-00065<br><br>Judge Crenshaw<br>Magistrate Judge Alistair E. Newbern |

## JOINT PROPOSED INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

A calendar date shall be proposed for each deadline.

**A.　JURISDICTION:** The Court has jurisdiction pursuant to Section 22 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v], Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa], and Section 214 of the Investment Advisers Act of 1940 ("Advisers Act) [15 U.S.C. § 80b-14(a)].

B. **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:**

Plaintiff asserts that Defendants sold fraudulent promissory notes in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1) and (2) of the Advisers Act [15 U.S.C. § 80b-6(1) and (2)].

**DEFENDANT:**

Without admitting or denying the allegations in the Complaint, Defendants have reached a settlement with Plaintiff pursuant to which they consent to the entry of negotiated Judgments against them. [Dkt. Nos. 2; 3.] The Consents and Judgments have been presented to the Court for consideration. [Dkt. Nos. 2; 2-1; 3; 3-1.]

C. **ISSUES RESOLVED:**

The Consents reflect the parties' agreement to jurisdiction and venue, and their intent to resolve the issues of liability and injunctive relief immediately. [Dkt. Nos. 2; 3.] Thus, assuming the Court enters the Judgments, those issues will be resolved as agreed by the parties.

D. **ISSUES STILL IN DISPUTE:**

The issues still in dispute relate to the remaining monetary relief, namely Plaintiff's request for disgorgement, prejudgment interest, and civil penalties. As reflected in the Consents [Dkt. Nos. 2, pp. 3-4; 3, pp. 2-3], the parties respectfully request that, upon motion by Plaintiff, the Court enter a Final Judgment ordering disgorgement, prejudgment interest thereon, and a civil penalty against Defendants. The Consents and Judgments contemplate that the Court determine the amounts of each of those based on the parties' papers filed in connection with that motion.

### E. INITIAL DISCLOSURES:

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **December 20, 2024**.

### F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:

Due to the parties' settlement agreement as reflected in the Consents and Judgments discussed above [Dkt. Nos. 2; 2-1; 3; 3-1.], the parties respectfully state that a case resolution plan is inapplicable to this matter. The parties have already reached a settlement agreement resolving liability and injunctive relief, and anticipate the remaining relief being determined on the parties' papers without need for a hearing.

### G. DISCOVERY:

Due to the parties' settlement agreement as reflected in the Consents and Judgments discussed above [Dkt. Nos. 2; 2-1; 3; 3-1.], the parties anticipate at most limited discovery relating to Plaintiff's anticipated motion for a Final Judgment ordering disgorgement, prejudgment interest thereon, and a civil penalty against Defendants and any evidence needed to rebut the same. The parties do not anticipate extensive discovery.

### H. MOTIONS TO AMEND OR TO ADD PARTIES:

Due to the parties' settlement agreement as reflected in the Consents and Judgments discussed above [Dkt. Nos. 2; 2-1; 3; 3-1.], the parties do not anticipate amending any of the pleadings or adding any parties.

### I. DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:

Due to the parties' settlement agreement as reflected in the Consents and Judgments discussed above [Dkt. Nos. 2; 2-1; 3; 3-1.], the parties do not anticipate offering any expert testimony or reports in this action.

**J.     NEXT CASE MANAGEMENT CONFERENCE:**

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

**K.     MOTIONS FOR CLASS OR COLLECTIVE ACTION CERTIFICATION:**

No class or collective action certification is sought in this case.

**L.     DISPOSITIVE MOTIONS:**

Due to the parties' settlement agreement as reflected in the Consents and Judgments discussed above [Dkt. Nos. 2; 2-1; 3; 3-1.], liability will be established upon the Court's entry of the proposed Judgments. The Commission anticipates filing a motion for disgorgement, prejudgment interest and civil penalties in this action, unless the parties can agree to those amounts. If such an agreement can be reached, the parties will file a proposed Final Judgment including all remaining relief.

**M.     ELECTRONIC DISCOVERY:**

Please see response to Section G, above.

**N.     MODIFICATION OF THE CASE MANAGEMENT ORDER:**

*Chief Judge Crenshaw:* Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days before the earliest affected deadline. If the parties agree, the motion may be filed up to the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in

consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than 90 days in advance of the target trial date.

O.  **REQUESTS TO SEAL DOCUMENTS:**

*Chief Judge Crenshaw:* Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

P.  **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

Due to the parties' settlement agreement as reflected in the Consents and Judgments discussed above [Dkt. Nos. 2; 2-1; 3; 3-1.], the parties do not anticipate this matter going to trial.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

5

Case 2:24-cv-00065   Document 18   Filed 11/12/24   Page 5 of 5 PageID #: 93